*By the Court :
The first ground assigned for a new trial rests upon exceptions to the title of the plaintiff’s lessor. And the first objection is, that the execution issued to November term, 1816, was levied upon lands of one of the defendants, and until that levy is disposed of, no second fi. fa. could issue. The plaintiff’s answer to this is, that in March, 1817, this execution and levy were set aside. And upon an examination of the order of court relied upon, we are satisfied that such was the fact. That objection, therefore, is not supported by the facts in the cause.
A second objection is, that on the execution to July term, 1817, *436 there is a return of a levy upon personal goods of one of the defendants. But it is a part of that return, that the sale was stayed by an injunction, and the goods redelivered to the owner.
This we deem a sufficient answer to the objection. It was lawful for the sheriff, upon the service of the injunction, to redeliver the goods to the owner. The injunction bond was substituted for the plaintiff’s security. For the sheriff to retain the goods might enforce a great loss upon him, or upon the defendant, by the-natural decay of the goods, by their accidental loss, or by the charge of keeping them, as in the case of live stock. The case is very different from that of a levy on land, which is not perishable; and where the debtor’s possession is not divested by the levy.
The sale to Allen, on the execution to November term, 1819, it is maintained, was a disposition of this property, so that a second sale could not be made. The return shows that Allen refused to complete the contract, by paying the money. We incline to-the opinion, that if the purchaser refused *to complete the-contract, by paying the money, the sheriff was not bound to make-himself liable, by returning an actual sale, and trusting to a recovery against the purchaser. But, without deciding this point, we do not hesitate to say, that if the parties to the execution took no exception, at the time, and a new vendí, issued without objection, the writ was not void, and third persons can not now so treat it.
The assignment of the lease from Robinson to Leavens worth was valid, though tested by one witness. The law of 1805, respecting conveyances, did not extend to leases for terms of years. Two witnesses, therefore, were not required. The law of 1824 is more comprehensive, in its terms, and requires leases to be attested as other conveyances of real estate.
The defendants, having put White upon his voir dire, can not afterward object to him on the ground of interest. Besides, the judges who presided at the trial think well of his testimony. The same judges also report that, upon the question of fact submitted to the jury, the question was fairly before them upon such grounds as do not admit of the interference of the court to grant a new trial, as in case of a verdict against evidence. Motion overruled and judgment for plaintiff.†

11ote.—The foregoing opinion is drawn from notes furnished by Judge-Tease. Nothing is said in them upon the point whether a lease for ninety- *437 nine years, of real estate, could be sold as a chattel on execution. But, as the validity of such sale was indispensable to sustain the plaintiff’s title, the legitimate inference seems to be that the court considered leases liable to be seized in execution and sold as chattels. Otherwise, a new trial would have been granted. — Reporter.